UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LESHAUN BENJAMIN,

                Plaintiff,

v.                                            Case No. 21-cv-677-pp

KYLE DEMERS, LISA STOFFLE,
and SERGEANT YORK,

                Defendants.

**ORDER DISMISSING CASE FOR FAILURE TO FILE AN AMENDED COMPLAINT**

On February 28, 2022, the court entered a screening order concluding that plaintiff Leshaun Benjamin's *pro se* complaint under 42 U.S.C. §1983 failed to state a claim. Dkt. No. 22. The court denied the plaintiff's pending motions "to support claims," to recruit counsel and for a preliminary injunction or temporary restraining order. Id. at 12–26. But the court granted the plaintiff's motion for leave to amend his complaint and ordered him to file an amended complaint "in time for the court to receive it by the end of the day on April 1, 2022." Id. at 11–12, 24, 27 (bolding omitted). The court warned the plaintiff that

> [i]f the court does not receive an amended complaint by the end of the day on April 1, 2022, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

Id. at 27. The court further warned that if the plaintiff "fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it." Id. at 28.

The April 1, 2022 deadline passed over two weeks ago, and the plaintiff has neither filed an amended complaint nor requested additional time to do so. The court has not heard from the plaintiff since early February 2022, when he it received from him a letter about his mail. Dkt. No. 21. The court's February 28, 2022 order was not returned to the court as undeliverable, and the Department of Corrections Inmate Locator shows the plaintiff remains incarcerated at Waupun Correctional Institution (which is where the court sent the previous order). See https://appsdoc.wi.gov/lop/home.do (DOC #354122). The court has no reason to believe the plaintiff did not receive the February 28, 2022 order. The court will enforce that order and dismiss this lawsuit because the original complaint fails to state a claim.

The court **DISMISSES** this case under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. Dkt. No. 1.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a

party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 18th day of April, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**