UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LESHAUN BENJAMIN,

          Plaintiff,

v.                                              Case No. 21-cv-677-pp

KYLE DEMERS, LISA STOFFLE,
and SERGEANT YORK,

          Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT (DKT. NO. 26), ORDERING PLAINTIFF TO FILE AMENDED COMPLAINT AND PROVIDE CURRENT ADDRESS, AND RESERVING RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 25)**

        On February 28, 2022, the court ordered Leshaun Benjamin to file an amended complaint by the end of the day on April 1, 2022. Dkt. No. 22. The court warned the plaintiff that if he failed to comply with that order, the court would dismiss his case and assess a strike under 28 U.S.C. §1915(g). Id. at 27. On April 18, 2022, over two weeks after the April 1, 2022 deadline, the court dismissed the case because the plaintiff had not complied with the February 28, 2022 order and had failed to file an amended complaint. Dkt. No. 23. The court explained that the February 28, 2022 order had not been returned to the court as undeliverable, and the court had "no reason to believe the plaintiff did not receive the February 28, 2022 order." Id. at 2.

        On April 25, 2022, the plaintiff filed a motion for reconsideration, dkt. no. 25, and a motion for an extension of time to file an amended complaint,

dkt. no. 26. On April 28, 2022, before the court had a chance to rule on his motions, the plaintiff filed a notice of appeal of the judgment. Dkt. No. 27. On July 6, 2022, the Seventh Circuit Court of Appeals dismissed the appeal because the plaintiff did not pay the appellate filing fee. Id. at 31.

In the motion to reconsider, the plaintiff says that he "never rec[ei]ved any documentations from the courts to order plaintiff to amend complaint nor instruction on when and why [he] need[s] to do so regarding this property issue." Dkt. No. 25. He asserts that he had "mailing issues" at Waupun Correctional Institution and that he filed a new civil case about the issues. Id. He asks that the court not issue him a strike and that it appoint him counsel "because [he is] not equip[p]ed to deal with so many trickery tactics by W.C.I. Administration and Staff." Id. In the motion to extend time, the plaintiff reiterates he did not receive the February 28, 2022 order. Dkt. No. 26 at 1. He says he requested a status update "several times since last year 2021" but did not hear from the court before receiving the dismissal order on April 21, 2022. Id. The plaintiff asserts Waupun staff are "sabatoging" [*sic*] his case after he paid the $402 filing fee, which he calls "a direct attack on [his] Due Process Rights." Id.

The court received numerous letters and motions from the plaintiff between June 14, 2021—just after he paid the $402 filing fee—and February 7, 2022. The court issued its screening order three weeks later and addressed the concerns stated in the plaintiff's letters and motions. Dkt. No. 22. Among those concerns was the plaintiff's assertion that prison staff were interfering with his

2

Case 2:21-cv-00677-PP   Filed 08/23/22   Page 2 of 6   Document 33

mail. Id. at 17. Between the date that it issued that order and the April 18, 2022 dismissal order, the court did not receive *any* filings from the plaintiff—no letters, motions or requests for a status update, and no amended complaint.

Nonetheless, the plaintiff is representing himself, so he is entitled to some leniency. That includes additional time for him to receive mail through the prison mail system and an understanding that sometimes mail may not reach him in time to meet court deadlines. Although it is not clear that that is what happened in this case, the plaintiff has expressed difficulties with the prison's mailing system before and even filed a federal complaint about it. Case No. 22-cv-191-pp. The court will grant the plaintiff's motion for an extension of time and will give him a final opportunity to file an amended complaint.

The court will give the plaintiff thirty days to file an amended complaint that complies with the instructions in the February 28, 2022 order. Dkt. No. 22 at 11–12. The court will include with this order a copy of the February 28, 2022 order and a copy of this court's amended complaint form. The plaintiff must list the case number for this case on the first page of the amended complaint form. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must

be complete by itself. The plaintiff may not refer the court back to his original complaint. He instead must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims.

If the plaintiff files a proper amended complaint by the deadline the court sets below, the court will grant the plaintiff's motion for reconsideration and screen the amended complaint. If the court does not receive an amended complaint by the deadline, the court will deny the plaintiff's motion for reconsideration, will not remove the strike it imposed in the previous order and will not reopen the case.

The court will deny the plaintiff's request to appoint him a lawyer. As it previously has explained, the court must consider two factors in deciding whether to exercise its discretion to recruit counsel for an indigent plaintiff: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Dkt. No. 22 at 13–14 (quoting Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021); and Pruitt v. Mote, 503 F.3d 647, 654–55 (7th Cir. 2007)).

The plaintiff has not satisfied either criterion. He does not say whether he attempted to contact any attorney about his lawsuit and provides no evidence that he has. His only rationale for his entitlement to counsel is that prison officials are "sabotaging" his mail. But the plaintiff no longer is incarcerated at Waupun. The Wisconsin Department of Corrections website shows he was released onto extended supervision on May 3, 2022. See

4
Case 2:21-cv-00677-PP    Filed 08/23/22    Page 4 of 6    Document 33

https://appsdoc.wi.gov/lop/home.do (DOC #00354122). He no longer will be required to send mail through the prison system and instead must mail it to the court himself. Because he gives no other reason why he needs counsel to litigate this case, the court will not appoint counsel at this time.

Although the plaintiff is no longer in prison and has been released onto extended supervision, he has not contacted the court to provide his new address. As the court previously explained to the plaintiff,

> it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in him not receiving important documents; in certain circumstances, it may result in the court dismissing his case.

Dkt. No. 22 at 28. The plaintiff has not complied with the court's instructions. He has several pending cases before this court, but he has not provided a current address in any of them.

The court will require the plaintiff to notify the court of his new address. If the plaintiff does not provide his current address by the deadline the court sets below, the court will deny the plaintiff's motion for reconsideration, and this case will remain closed.

The court **ORDERS** that the plaintiff's motion for an extension of time is **GRANTED**. Dkt. No. 26.

The court **ORDERS** that by the end of the day on **September 23, 2022**, the plaintiff must file an amended complaint that complies with the instructions in the February 28, 2022 order. The court encloses with this order a copy of the February 28, 2022 order and a copy of this court's amended

complaint form. If the plaintiff fails to comply with those instructions or does not file an amended complaint in time for the court to *receive* it by the end of the day on September 23, 2022, this case will remain closed.

The court **ORDERS** that the plaintiff must provide his new address to the court by the end of the day on September 23, 2022. If the court does not receive an updated address from the plaintiff by the end of the day on September 23, 2022, his case will remain closed.

The court will reserve ruling on the plaintiff's motion for reconsideration, dkt. no. 25, until the September 23, 2022 deadline has passed.

Dated in Milwaukee, Wisconsin this 23rd day of August, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**