UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LESHAUN BENJAMIN,

        Plaintiff,

v.                                                                    Case No. 21-cv-677-pp

KYLE DEMERS, LISA STOFFLE,
SERGEANT YORK, CAPTAIN JAMES OLSEN,
and C.O. ALIBA,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 25), REOPENING CASE AND SCREENING AMENDED COMPLAINT (DKT. NO. 25)**

On April 18, 2022, the court dismissed plaintiff Leshaun Benjamin's complaint (which he filed himself) under 42 U.S.C. §1983 because he did not comply with the court's February 28, 2022 order requiring him to file an amended complaint. Dkt. No. 23. A week later, the plaintiff filed a motion for reconsideration, dkt. no. 25, and a motion for an extension of time to file an amended complaint, dkt. no. 26. The plaintiff asserted that staff at Waupun Correctional Institution were sabotaging his case and tampering with his mail. Dkt. Nos. 25, 26.

On August 23, 2022, the court granted the plaintiff's request for additional time to file an amended complaint but denied his request for recruitment of counsel to represent him in this lawsuit. Dkt. No. 33. The court ordered the plaintiff to file an amended complaint and to provide the court his current address by the end of the day on September 23, 2022. Id. at 5–6. The

court withheld ruling on the plaintiff's motion for reconsideration, contingent on the plaintiff filing an amended complaint. Id. at 4.

On September 6, 2022—two weeks after the court granted the plaintiff additional time to file an amended complaint—the August 23, 2022 order was returned to the court as undeliverable. Dkt. No. 34. A notation on the returned mail reads "No Such Number, Unable to Forward." Id. Court staff nonetheless searched the Wisconsin Department of Corrections Locator website, which showed the plaintiff had been admitted to the Milwaukee Secure Detention Facility ("MSDF") on September 1, 2022. Id. Court staff re-sent the August 23, 2022 order to the plaintiff at MSDF.

On September 14, 2022, the court received the plaintiff's amended complaint. Dkt. No. 35. The amended complaint lists the plaintiff's current address as MSDF.[1] Id. at 1, 5. The plaintiff has complied with the court's August 23, 2022 order by timely filing an amended complaint and providing his address as of the time he filed that amended complaint. The court will grant his motion for reconsideration, dkt. no. 25, and reopen the case. This order screens the amended complaint. Dkt. No. 35.

**I.     Screening the Amended Complaint**

  A.     Federal Screening Standard

As the court previously explained, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or

---

[1] The DOC website shows that on September 19, 2022, the plaintiff was released from MSDF. https://appsdoc.wi.gov/lop/details/detail (last visited September 30, 2022). The plaintiff did not notify the court of this fact, nor has he provided the court with his new address.

malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the amended complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

  B. <u>The Plaintiff's Allegations</u>

The amended complaint names as defendants Sergeants Kyle Demers, Lisa Stoffle and York (all of whom were named in the original complaint), as well as Captain James Olsen and Correctional Officer Aliba (who were not named in the original complaint). Dkt. No. 35 at 1.

The amended complaint alleges that on October 9, 2020, Sergeant Demers moved the plaintiff into temporary lock up "for seeking a face mask to attend psych servic[es]." Id. at 2. Demers was the supervisor in the northwest cell hall, where the plaintiff was housed. Id. The plaintiff alleges that segregation prisoners' property arrived the next week, but none of his "major property items listed" were included in that property. Id. The plaintiff says the "property team" refused to investigate or write an incident report about his missing property. Id. The plaintiff describes this as "a tramendise [*sic*] loss with property due to [him] standing up for [him]self resulting in [his] entire property [i]nventory being misplaced somehow because [his] family had to purchas[e] everything all over again." Id. (capitalization omitted). The plaintiff alleges that Stoffle packed his belongings four days after he was sent to segregation, but Demers "should have immediately" packed it up. Id. The plaintiff asserts that this violated administrative rules and made the Department of Corrections "liable for [his] belongings disappearing." Id. at 2–3.

The plaintiff alleges his property was misplaced because he "filed an Inmate Complaint Examin[e]r Form against Sgt. Demers and called PREA [Prison Rape Elimination Act] on him several times for sexual misconduct." Id. at 3. The plaintiff asserts "this was out of retaliation." Id. He alleges that "both wardens refuse to compen[]sate [him] like they did the white inmates [he] witness[ed] this happen to." Id.

4

Case 2:21-cv-00677-PP   Filed 09/30/22   Page 4 of 9   Document 36

The plaintiff asserts he has suffered "emotional distress damages as well as punitive damages for constant harassment issues with loss." Id. at 4. He asks that the court order Stoffle, Demers and York to be demoted or fired from their current positions. Id.

C. Analysis

As in the original complaint, the primary claim in the amended complaint is that staff at the prison mishandled and lost or stole the plaintiff's property. The court previously explained that the plaintiff may not pursue that claim in a lawsuit under §1983. Dkt. No. 22 at 5. He must pursue his claim about his lost or stolen property in state court. Id. (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984); Cole v. Litscher, 343 F. Supp. 2d 733, 742 (W.D. Wis. 2004); and other cases).

The plaintiff's only allegation against Stoffle is that she packed his belongings later than she should have and, by doing so, violated a prison rule or policy. The court previously explained that §1983 "protects against only constitutional violations, not violations of prison regulations or policies." Dkt. No. 22 at 6–7 (citing Estate of Simpson v. Gorbett, 863 F.3d 740, 746 (7th Cir. 2017); and Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003)). The plaintiff may not proceed on a claim that Stoffle violated a prison policy or rule.

The plaintiff also reiterates that his property was mishandled because of his race, and that he has witnessed white prisoners receive compensation for lost or mishandled property. The court also previously discussed this claim, which the plaintiff alleged in his original complaint. Dkt. No. 22 at 7. The court explained that the plaintiff may state a Fourteenth Amendment equal protection claim if he alleges "that the 'defendants intentionally treated him differently because of his race . . . or other proscribed factor.'" Id. (quoting Lisle

v. Welborn, 933 F.3d 705, 719–20 (7th Cir. 2019); Ortiz v. Werner Enters., Inc., 834 F.3d 760 (7th Cir. 2016); and David K. v. Lane, 839 F.2d 1265, 1271–72 (7th Cir. 1988)).

The court previously concluded that the original complaint did not state an equal protection claim because the plaintiff only vaguely alleged that an unnamed captain confirmed prison staff were treating the plaintiff differently because of his race. Dkt. No. 22 at 7–8. The amended complaint alleges even less. The amended complaint says only that "both wardens" refused to compensate the plaintiff for the loss of his property, but white prisoners were compensated when "this happen[ed] to" them. Dkt. No. 35 at 3. The plaintiff does not say that the wardens refused to compensate him *because of* his race. His conclusory suggestion that race played a role is "not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. There could be many reasons for the different outcomes that have nothing to do with a prisoner's race. Although it may be *possible* that race was the determining factor in whether an incarcerated person was compensated, Federal Rule of Civil Procedure 8 requires a plaintiff to plead "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. The amended complaint does not satisfy that standard. It alleges a "mere possibility of misconduct" but does not contain well-pleaded facts showing "'that the pleader [the plaintiff] is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). The court will not allow the plaintiff to proceed on a Fourteenth Amendment claim.

The plaintiff also alleges that Demers lost, stole or refused to pack his property because the plaintiff previously filed an administrative complaint against Demers and reported his alleged sexual misconduct. These allegations may amount to a claim of retaliation, which the court analyzes under the First

6
Case 2:21-cv-00677-PP   Filed 09/30/22   Page 6 of 9   Document 36

Amendment. See Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009). To state a claim of retaliation, the plaintiff's allegations must satisfy three elements. See Daugherty v. Page, 906 F.3d 606, 610 (7th Cir. 2018) (citing Perez, 792 F.3d at 783). First, he must allege that "he engaged in a protected activity." Id. The filing of previous complaints is protected activity. See Pearson v. Welborn, 471 F.3d 732, 741 (7th Cir. 2006). So is raising concerns about safety or other prison conditions, which could include an officer's misconduct. Daugherty, 906 F.3d at 610. The court concludes that the plaintiff's allegations satisfy the first element of a claim of retaliation.

The second element asks whether the plaintiff "suffered a deprivation likely to prevent future protected activity." Id. The court analyzes this factor using an objective standard, "so a specific plaintiff's persistence does not undermine his claim." Douglas v. Reeves, 964 F.3d 643, 646 (7th Cir. 2020) (citing Holleman v. Zatecky, 951 F.3d 873, 880 (7th Cir. 2020)). The plaintiff alleges that Demers mishandled, lost or disposed of his personal property after the plaintiff filed administrative complaints and PREA claims against him. An ordinary incarcerated person likely would be dissuaded from filing future complaints if his personal property were taken away or lost after he complained about staff. The court concludes that the plaintiff's allegations satisfy the second element of a retaliation claim.

The third element requires the plaintiff to allege that "his protected activity was a motivating factor in the defendant['s] decision to retaliate." Daugherty, 906 F.3d at 610. To prove this element, the plaintiff must show more than that the defendant's action occurred after his protected activity; he must show that the defendant knew about his protected conduct and acted because of it. See Healy v. City of Chi., 450 F.3d 732, 740–41 (7th Cir. 2006).

In other words, the plaintiff must show that the protected activity "was the but-for cause" of the adverse action. Winston v. Fuchs, 837 F. App'x 402, 404 (7th Cir. 2020) (citing Nieves v. Bartlett, ___ U.S. ___, 139 S. Ct. 1715, 1722 (2019)). The plaintiff says Demers lost his personal property because the plaintiff stood up for himself and filed complaints against Demers. These allegations suggest Demers knew about the plaintiff's complaints and, in response, took away the plaintiff's personal property. Assuming those allegations are true, which the court must at this early stage of the litigation, the court concludes that the plaintiff's allegations satisfy the third element of a retaliation claim. The court will allow him to proceed on this claim against Demers.

The plaintiff does not state a claim against any other defendant. The plaintiff names Sergeant York, Captain Olsen and Correctional Officer Aliba in the caption of his amended complaint. Dkt. No. 35 at 1. But the amended complaint does not contain any allegations against these defendants. The amended complaint does not even mention them or explain their role in the alleged mishandling of the plaintiff's property or his other claims. The court previously explained that "[t]o establish liability under §1983, the plaintiff must tell the court who has harmed him and connect those persons to their alleged misconduct." Dkt. No. 22 at 9 (citing Colbert v. City of Chi., 851 F.3d 649, 657 (7th Cir. 2017)). Simply listing the names of potential defendants, without alleging what each did to violate his rights, does not satisfy those requirements. The court will therefore dismiss defendants York, Olsen and Aliba from this lawsuit.

II. **Conclusion**

The court **GRANTS** the plaintiff's motion for reconsideration. Dkt. No. 25. The court **ORDERS** that the Clerk of court must **REOPEN** this case.

The court **DISMISSES** defendants Lisa Stoffle, Sergeant York, Captain James Olsen and Correctional Officer Aliba.

Under an informal service agreement between the Wisconsin Department of Justice and the court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendant Kyle Demers. Under the informal service agreement, the court **ORDERS** the defendant to respond to the complaint within 60 days.

The court **ORDERS** that the plaintiff must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court reminds the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. ***The plaintiff must promptly notify the court if he is released from custody or transferred to a different institution. If the plaintiff fails to keep the court advised of his whereabouts, or if a court order is again returned to the court as undeliverable, the court may dismiss this case without further notice.***

Dated in Milwaukee, Wisconsin this 30th day of September, 2022.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**